UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

WILLIAM J. HALMO,

        Plaintiff,

v.                                                Case No. 10-CV-0618

KLEMENT SAUSAGE CO., INC. and
QPS TEMPS,

        Defendants.
_____

# ORDER

On August 17, 2010, the *pro se* plaintiff, William J. Halmo ("Halmo"), filed an amended complaint against defendants Klement Sausage Co., Inc. ("Klement") and QPS Temps ("QPS"), alleging a breach of contract claim and two claims arising under the Americans with Disabilities Act, ("ADA"), 42 U.S.C. §§ 12101-13. (Docket #6). Two days later, Magistrate Judge Aaron Goodstein[1] issued an order: (1) granting a motion Mr. Halmo had earlier made to proceed *in forma pauperis;* and (2) ordering the U.S. Marshal Service to serve Mr. Halmo's complaint, waiver of service form, and the summons upon all of the defendants. (Docket #7). On September 9, 2010, attorneys for Klement filed a notice of appearance (Docket #8), and consented to have this case proceed in front of Magistrate Goodstein (Docket #9). Subsequently, Klement filed an answer to Mr. Halmo's complaint. (Docket #13). On October 25, 2010, attorneys for QPS filed a notice of appearance (Docket #16),

---

[1] On July 26, 2010, Mr. Halmo consented to have Magistrate Goodstein conduct all proceedings in this case. (Docket #4).

and a motion to dismiss the claims against QPS (Docket #18). Two weeks later, QPS refused to provide a consent to proceed before Magistrate Goodstein (Docket #22), and, as a consequence, the case was randomly reassigned to this branch of the court.

Before reaching the merits of the pending motion to dismiss, the court again notes that Mr. Halmo is proceeding *in forma pauperis*. (Docket #7). Under the federal *in forma pauperis* statute, once the court has authorized the commencement of a civil proceeding without prepayment of fees by a person who submits an affidavit attesting to their poverty, the court has the obligation to dismiss the case if "at any time" the court determines that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The courts finds that an additional screening of Mr. Halmo's amended complaint is very much in need, particularly in reference to the claims levied against QPS. As such, before the court addresses the pending motion to dismiss, the court will take an independent look at the complaint to determine if the claims proffered against QPS actually state a claim on which relief may be granted.

In his amended complaint, Mr. Halmo alleges broadly that he is "extremely visually impaired, but not blind," forming the "basis" of his "discrimination complaint" against Klement and QPS. (Am. Compl. at 1). The plaintiff then addresses the series of incidents that underlie his complaint. Specifically, the amended complaint states that in September of 2008, while apparently employed at Klement by another

staffing agency called "Staffing Partners," Mr. Halmo "was told . . . not to return to Klement because [an employee] "said '[the plaintiff] couldn't see if the labels were straight on the package.'" *Id.* As a result of the comment, Mr. Halmo filed a complaint with the EEOC against Klement and Staffing Partners. The plaintiff submitted a November 23, 2008 charge of discrimination made against Klement with his amended complaint. (Docket #6 at 7). Mr. Halmo's amended complaint continues noting that on December 17, 2008, the plaintiff filed a request to withdraw the charge of discrimination as Klement had offered Halmo reemployment through QPS, with the "intent" of Klement permanently hiring the plaintiff on March 27, 2009. (Am. Compl. at 1). The plaintiff further alleges that in January of 2009 he reached a settlement agreement with Staffing Partners, wherein: (1) Mr. Halmo agreed to not institute a lawsuit against the company; and (2) Staffing Partners agreed to pay Mr. Halmo $1,550. *Id.*

The amended complaint further alleges that Mr. Halmo continued working for Klement until March of 2009. *Id.* at 1-2. Mr. Halmo states in his amended complaint that on March 24, 2009, a worker at Klement made another derogatory remark about his eyesight. *Id.* at 2. In response, the plaintiff allegedly informed his supervisor about the offensive remark. *Id.* On March 26, 2009, a day before Klement was allegedly going to hire Mr. Halmo as a permanent employee, the plaintiff alleges that QPS terminated his employment. *Id.* According to the complaint, the following day, Mr. Halmo filed a complaint with the Wisconsin Equal Rights Division against

Klement, alleging discrimination based on disability and because of an unlawful retaliation. *Id.* Of particular note, Mr. Halmo does not allege that he filed any charge of discrimination against QPS. Nor does Mr. Halmo allege that he had any contract with QPS. The court, having reviewed the facts as alleged in Mr. Halmo's latest complaint, proceeds to determine whether Mr. Halmo has stated a claim upon which relief can be granted with regard to QPS.

Before turning to the substance of whether Mr. Halmo has stated valid discrimination and breach of contract claims against QPS, the court initially notes that to state a claim upon which relief may be granted, a complaint need not provide detailed factual allegations. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). However, mere conclusions and a "formulaic recitation of the elements of a cause of action" are insufficient. *Id.* at 555. Instead, a complaint's request for relief must be "plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic*, 550 U.S. at 570). A complaint meets this standard when the alleged facts "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[N]aked assertions devoid of further factual enhancement" are insufficient. *Iqbal,* 129 S.Ct. at 1949. Generally, a court, in determining whether a complaint is legally sufficient, must limit its review to the allegations in the complaint. However, an exception to this rule exists for documents that are referred to in the complaint and

that are central to the plaintiff's claim.[2]  *Hecker v. Deere & Co.*, 556 F.3d 575, 582 (7th Cir. 2009)

The court first looks to Mr. Halmo's allegation that QPS has committed invidious discrimination in violation of the ADA. There is a rather obvious flaw with Mr. Halmo's ADA claim. Before filing a claim in federal court under the ADA, a plaintiff must exhaust his or her administrative remedies. *See Fairchild v. Forma Scientific, Inc.,* 147 F.3d 567, 574 (7th Cir. 1998). To exhaust administrative remedies, a plaintiff must show the following: (1) the filing of charges with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the discriminatory employment action, or within 300 days of the employment action if an equivalent state agency exists; and (2) a notification from the EEOC that it does not intend to sue – commonly referred to as a "right-to-sue" letter. *See Doe v. Oberweis Dairy*, 456 F.3d 704, 708 (7th Cir. 2006) (citing 42 U.S.C. §§ 2000e-5(c), (e) and (f)(1)). Moreover, as a general rule, a party that has not been named as a respondent in an EEOC charge may not be sued in a civil action under the ADA. *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 126 (7th Cir. 1989). This requirement serves two purposes under the statute: (1) to notify the charged party of the alleged violation; and (2) to afford the EEOC an opportunity for conciliation, which effectuates the ADA's primary goal of securing voluntary compliance with its

---

[2] As such, the court will look to the documentation from the Equal Employment Opportunity Commission that is referred to in the complaint and is attached to the amended complaint in resolving whether the amended complaint states claims upon which relief may be granted.

mandates. *Id.* An exception to the general rule that a civil suit under the ADA cannot go beyond the scope of the EEOC charge exists when "an unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance." *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, U.A.*, 657 F.2d 890, 905 (7th Cir. 1981).

Here, it is clear that Mr. Halmo has failed to state a claim upon which relief can be granted with regard to the ADA claim alleged against QPS. Halmo has not plead nor has he submitted any information that indicates he ever filed an administrative charge against QPS. Indeed, the two EEOC charges the plaintiff alleges in his complaint were filed against Klement and Staffing Partners. Moreover, there is no indication that QPS had any notice of the charges against it until the defendant was served with the present complaint. Nor does the complaint allege that QPS had some opportunity to participate in the EEOC conciliation proceedings. In other words, the plaintiff fails to allege any facts that would warrant applying the exception to the general rule that the underlying EEOC charge defines the scope of any subsequent litigation. In addition, even if there was some sort of EEOC charge issued against QPS, Mr. Halmo has not alleged or submitted any documentation indicating that the EEOC issued a right to sue letter with regard to a potential claim against QPS. Finally, given the time that has passed since the adverse employment action allegedly occurred, it is far too late for Mr. Halmo to attempt to file a charge

against QPS, and the court can only conclude that any further attempt to amend the complaint would be entirely futile. *Garcia v. City of Chicago*, 24 F.3d 966, 970 (7th Cir. 1994) (allowing a claim to be dismissed with prejudice if repleading would be futile). Under these circumstances, the court has no choice but to dismiss the ADA claim against QPS. The court proceeds to examine the breach of contract claim as alleged against QPS.

Under Wisconsin law,[3] in evaluating a breach of contract claim, the court must first determine whether a valid contract exists. *Pasko v. City of Milwaukee*, 222 Wis. 2d 274, 279, 588 N.W.2d 642 (Ct. App. 1998). "The basic elements of a contract, of course, are an offer, an acceptance, and consideration." *Kamikawa v. Keskinen*, 44 Wis. 2d 705, 710, 172 N.W.2d 24 (1969). Here, despite a contrary finding contained in the magistrate's initial screening order (Docket #7 at 2-3), Mr. Halmo's amended complaint, even when viewed in a light most charitably to the plaintiff, does not allege that a contract existed between the plaintiff and QPS. Certainly, the amended complaint states that agreements existed as a result of a settlement between the plaintiff and Klement and Staffing Partners, but QPS was not a party to those agreements. Given the inability after two efforts by Mr. Halmo to raise a

---

[3] The court notes that the "choice-of-law rule for pendant state claims should be that of the forum." *Baltimore Orioles, Inc. v. Major League Baseball Players Asso.*, 805 F.2d 663 (7th Cir. 1986). As it is improper for the court to conduct a choice of law analysis when no party asks for one, *FutureSource LLC v. Reuters Ltd.*, 312 F.3d 281, 283 (7th Cir. 2002) (holding that in absence of any discussion of choice of law issues by parties, court applies law of forum state), the court will apply Wisconsin contract law to determine whether Halmo has stated a claim for a breach of contract.

cognizable claim against QPS, the court must dismiss all of the claims levied against QPS with prejudice.

Accordingly, while the court was guided by the submissions of QPS to the court, the court need not formally rule on the defendant's motion to dismiss. Finally, the court notes that with the dismissal of the claims against QPS, the remaining parties have consented to proceed in front of a magistrate judge. Therefore, the court will return this case to Magistrate Goodstein for further proceedings.

Accordingly,

**IT IS ORDERED** that pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) the claims against defendant QPS Temps be and the same are hereby **DISMISSED with prejudice**;

**IT IS FURTHER ORDERED** that defendant's motion to dismiss (Docket #18) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that, pursuant to General Local Rule 73, this action be and the same is hereby **TRANSFERRED** to United States Magistrate Judge Aaron Goodstein for all further proceedings.

Dated at Milwaukee, Wisconsin, this 2nd day of December, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge