UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**WILLIAM J. HALMO,**

        **Plaintiff,**

        v.                              Case No. 10-C-618

**KLEMENT SAUSAGE CO. INC.,**

        **Defendant.**

## DECISION AND ORDER GRANTING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**I. PROCEDURAL HISTORY**

In October of 2008, William J. Halmo ("Halmo") was employed by a temporary staffing agency and assigned to work at the Klement Sausage Company ("Klement") when a co-worker's comments about Halmo's eyes led to Halmo filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). (Docket No. 1 at 3.) Halmo describes himself as "extremely visually impaired, but not blind." (Docket No. 6 at 1.) This discrimination charge resulted in a cash settlement with the staffing agency that employed him and Klement, where Halmo worked, agreeing to keep Halmo on as a worker employed by another staffing agency, QPS. (Docket No. 1 at 3.) Halmo expectated that Klement would eventually hire him on as a permanent Klement worker. (Docket No. 1 at 3.)

As Halmo was nearing the time when he expected to be hired on as a permanent worker, he alleges that another worker made a "discriminating remark" about his eyes. (Docket No. 1 at 3.) Two days later, one day shy of when he expected to be hired as a permanent worker, Halmo was

removed from his position at Klement. (Docket No. 1 at 3.) Halmo sought relief with the EEOC, and on July 22, 2010, proceeding pro se, Halmo initiated the present action.

On April 21, 2011, the defendant moved for summary judgment. (Docket No. 29.) On May 9, 2011, Halmo responded, and on May 23, 2011 the defendant replied, (Docket No. 36). The pleadings on this motion are closed and the matter is ready for resolution. All parties have previously consented to the full jurisdiction of a magistrate judge. (Docket Nos. 4, 9.)

**II. SUMMARY JUDGMENT STANDARD**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); McNeal v. Macht, 763 F. Supp. 1458, 1460-61 (E.D. Wis. 1991). Material facts are those facts which, under the governing substantive law, might affect the outcome of the suit. Anderson, 477 U.S. at 248. A dispute of such material facts is "genuine" if the evidence is such that a reasonable trier of fact could find in favor of the nonmoving party. Id.

The movant bears the burden to establish that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Adickes v. S.H. Kress & Co., 398 U.S. 144, 159 (1970); see also Celotex Corp., 477 U.S. at 323. The moving party satisfies its burden by demonstrating "that there is an absence of evidence to support the nonmoving party's case." Celotex Corp., 477 U.S. at 325. Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. Anderson, 477 U.S. at 255; Cain v. Lane, 857 F.2d 1139, 1142 (7th Cir. 1988); Spring v. Sheboygan Area School Dist., 865 F.2d 883, 886 (7th Cir. 1989). Further, "on summary judgment, a court can neither make a credibility determination nor choose between competing interests." Sarsha v. Sears, Roebuck & Co., 3 F.3d 1035, 1041 (7th Cir. 1993).

If the moving party meets its burden, the nonmoving party then has the burden to present specific facts showing that there is a genuine issue of material fact. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

**III. FACTS**

Klement's proposed findings of fact provide additional detail into the circumstances of Halmo's cessation of work at Klement. (Docket No. 31.) Halmo generally fails to address these facts in his response and therefore, in accordance with Fed. R. Civ. P. 56(e)(2), the court regards these inadequately addressed proposed facts as admitted for the purposes of the motion.

Despite a few incidents where Halmo was disciplined for his conduct at work, Halmo was on track to become a fulltime employee of Klement. (Docket No. 31, ¶¶42-47.) However, on March 26, 2009, Halmo was suspended pending investigation of a complaint made against him by a co-worker. (Docket No. 31, ¶57-58.) After being suspended, Halmo immediately went to a nearby tavern and got drunk. (Docket No. 31, ¶59.) While drinking at the bar, Halmo called his supervisor at Klement leaving him a profanity-laced voicemail wherein he berated certain of his co-workers and one of his supervisors and indicated that if he did not get his job back, he was going to the EEOC. (Docket No. 31, ¶62.) As a result of this voicemail, Klement terminated Halmo's temporary work assignment and decided not to hire Halmo as a permanent employee. (Docket No. 31, ¶65.)

**IV. ANALYSIS**

The court understands Halmo to be raising three claims: (1) his termination of his temporary position at Klement and Klement's decision not to hire him as a fulltime employee were in retaliation for Halmo's prior EEOC complaint; (2) these actions were the result of discrimination due to Halmo's actual or perceived disability; and (3) Klement breached its settlement agreement by not hiring Halmo as a fulltime worker. The court shall address each of these arguments in turn.

**A. Discrimination / Retaliation**

The Americans with Disabilities Act ("ADA") generally prohibits employers from "discriminating against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." Buie v. Quad/Graphics, Inc., 366 F.3d 496, 502-03 (7th Cir. 2004) (quoting 42 U.S.C. § 12112(a)). The ADA also generally prohibits employers from retaliating against a person who has opposed any act or practice prohibited under the ADA. 42 U.S.C. § 12203(a).

A plaintiff alleging retaliation or discrimination due to a disability may seek to prove his case in one of two ways. The first is the direct method of proof which generally requires an explicit admission by the decision-maker that the relevant action was taken for a prohibited reason. Id. at 503. Alternatively, there is the indirect method where discrimination is proved circumstantially using the burden shifting method set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Buie, 366 F.3d at 503; Kersting v. Wal-Mart Stores, Inc., 250 F.3d 1109, 1117 (7th Cir. 2001) (citing Silk v. City of Chicago, 194 F.3d 788, 799 (7th Cir. 1999)).

The plaintiff offers no direct evidence and thus the court shall consider only the indirect method of proof. An employee bringing an ADA retaliation claim based upon indirect evidence must present a prima facie case of retaliation by demonstrating that: (1) he engaged in statutorily protected expression; (2) he suffered an adverse action; and (3) there is a causal link between the protected expression and the adverse action. Id.; see also Wade, 418 F. Supp. 2d at 1051.

An employee bringing an ADA discrimination claim based upon indirect evidence must present a prima facie case of discrimination by demonstrating that: "(1) he is disabled under the ADA; (2) he is qualified to perform the essential functions of his job with or without reasonable accommodation; and (3) he has suffered from an adverse employment decision because of the

4

disability." Buie, 366 F.3d at 503 (citing Dvorak v. Mostardi Platt Assocs., Inc., 289 F.3d 479, 483 (7th Cir. 2002)).

If the plaintiff establishes a prima facie case of discrimination or retaliation, the burden then shifts to the employer to demonstrate a legitimate non-discriminatory, non-retaliatory reason for the adverse employment action. Buie, 366 F.3d at 502; Nawrot v. Cpc Int'l, 277 F.3d 896, 905 (7th Cir. 2002) (citing Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248 (1981)). If the employer meets this burden, it is then the plaintiff's burden to prove by a preponderance of the evidence that the employer's proffered reason was a pretext for discrimination or retaliation. Buie, 366 F.3d at 503; Nawrot, 277 F.3d at 905; Kersting, 250 F.3d at 1117.

The court need not decide whether Halmo established a prima facie case of discrimination or retaliation because the undisputed facts demonstrate the Klement had a legitimate non-discriminatory and non-retaliatory basis for terminating him and refusing to hire him as a permanent worker. There is no dispute that Halmo left a drunken profanity-laced and insulting voicemail for his supervisor. Such conduct obviously represents a legitimate reason for termination of an employee. Halmo offers no argument, much less evidence, that this reason for termination was pretextual. The ADA does not prevent an employer from firing an employee, disabled or not, for unacceptable behavior. Palmer v. Circuit Court of Cook County, Illinois, 117 F.3d 351 (7th Cir. 1997). Therefore, the court concludes that summary judgment in favor of the defendant is appropriate.

Finally, although Halmo does not independently address his suspension, and thus has waived any such argument, for the sake of completeness and without excusing Halmo's waiver, the court shall briefly address whether there is a dispute of material fact as to whether this adverse employment action was the result of discrimination or retaliation. Although Halmo disputes aspects of Klement's recitation of the facts regarding the incident with his co-worker that led to Halmo's

suspension, (Docket No. 35 at 2), Halmo again fails to offer any argument or evidence that Klement's stated reasons for his suspension were pretextual. Therefore, the court shall grant the defendant's motion for summary judgment with respect to Halmo's ADA claims.

**B. Breach of Contract**

Although this court ordinarily would not have jurisdiction over a breach of contract claim between these non-diverse parties, because this claim is so related to Halmo's ADA claim so as to form part of the same case or controversy under Article III of the Constitution, this court has jurisdiction to hear this claim pursuant to 28 U.S.C. § 1367.

The party alleging a breach of contract bears the burden of establishing that a valid contract existed, Kozich v. Employee Trust Funds Bd., 203 Wis. 2d 363, 377, 553 N.W.2d 830, 836 (Ct. App. 1996) (citing Household Utils. v. Andrews Co., 71 Wis. 2d 17, 28, 236 N.W.2d 663, 669 (1976)), and that the other party failed to comply with a material provision of that contract, Acuity Mut. Ins. Co. v. Olivas, 2006 WI App 45, ¶14, 289 Wis. 2d 582, 712 N.W.2d 374 (Ct. App. 2006) (citing Spielberg v. Harris, 202 Wis. 591, 594-95, 232 N.W. 547 (1930)).

Halmo contends that Klement breached the settlement agreement it entered into with Halmo following his first EEOC complaint by not hiring him as a permanent worker. The only evidence suggesting an agreement between Halmo and Klement is the "Request for Withdrawal of Charge of Discrimination" Halmo filed with the EEOC. (Docket No. 6 at 8.) In this document, Halmo wrote that he wished to withdraw is discrimination complaint against Klement because "[t]he respondent has offered me re-employment through a different staffing agency." (Docket No. 6 at 8.) Absent from this document is any indication that Klement agreed to hire Halmo on as a permanent worker. The undisputed evidence demonstrates that Klement complied with its obligation under this agreement. There is nothing to suggest that Klement agreed to permit Halmo to work at its plant as

6

a temporary worker regardless of his performance or conduct. (See Docket No. 34-1 at 34-36.) Therefore, the court finds no merit to Halmo's breach of contract claim.

## V. CONCLUSION

The undisputed evidence demonstrates that Klement had a legitimate non-discriminatory and non-retaliatory reason for terminating Halmo. Halmo has failed to present any evidence, much less evidence that would permit a reasonable jury to conclude that this proffered reason was merely pretextual. Therefore, Halmo's claims under the ADA must fail. As for Halmo's breach of contract claim, the undisputed evidence demonstrates that Klement complied with its agreement to retain Halmo as a temporary worker employed by a different staffing agency. No longer permitting Halmo to work at Klement and refusing to hire him as a permanent Klement employee after he left an abusive and profane voicemail for his supervisor did not constitute a breach of this agreement. Therefore, the court shall grant the defendant's motion for summary judgment.

**IT IS THEREFORE ORDERED** that the defendant's motion for summary judgment, (Docket No. 29), is **granted** and this action is hereby dismissed. The Clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 27th day of May 2011.

s/AARON E. GOODSTEIN  
U.S. Magistrate Judge